## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| TERRY M. SMITH, | |
|        Plaintiff, | CIVIL COMPLAINT |
| v. | CASE NO. 4:17-cv-03300 |
| J.P. MORGAN CHASE BANK, N.A., | |
|        Defendant. | JURY DEMAND |

## <u>COMPLAINT</u>

NOW comes TERRY M. SMITH ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of J.P. MORGAN CHASE BANK, N.A. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.* and the Texas Deceptive Trade Practices Act ("DTPA") under Tex. Fin. Code Ann. § 17 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the TCPA.  Subject matter jurisdiction is conferred upon this Court by 47 U.S.C § 227, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

PARTIES

4.   Plaintiff is a 62 year-old natural person residing at 5130 Milwee Street, Houston, Texas, which is located within the Southern District of Texas.

5.   Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6.   Defendant is a corporation formed under the laws of the State of Delaware, and has a principal place of business located at 270 Park Avenue, New York, New York. Defendant provides various banking and other financial services to consumers nationwide.

7.   Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

9.   Several months ago, Plaintiff applied for a small loan with Defendant.

10. Shortly thereafter, Plaintiff received a written notification informing him he had been denied the loan.

11. Almost immediately after receiving said notification, Plaintiff began receiving calls to his cellular phone, (281) XXX-9910, from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 9910.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Defendant mainly uses the phone number (800) 945-2000 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

14. Upon information and belief, the aforementioned phone number ending in 2000 is regularly utilized by Defendant during its solicitation activity.

15. During answered calls from Defendant, Plaintiff experiences a noticeable pause, lasting a handful of seconds in length, before a live representative begins to speak.

16. Upon speaking with Defendant, Plaintiff was solicited to enroll in Defendant's financial services.

17. Plaintiff informed Defendant that he was not interested in its services and demanded that it stop calling.

18. Plaintiff even went so far as to visit a branch of Defendant, in order to notify the representative with whom Plaintiff initially filled out his loan application that Defendant stop calling.

19. Despite Plaintiff's demands, Defendant continued to call Plaintiff's cellular phone up until the filing of the instant action.

20. Plaintiff has received not less than 38 phone calls from Defendant since asking Defendant to stop contacting him.

21. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

22. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $62.00 to purchase and maintain an application subscription on his cellular phone to quell Defendant's contacts, resulting in pecuniary loss.

23. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

24. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies solicitation telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though fully set forth herein.

26. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

27. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone. During answered calls from Defendant, Plaintiff experienced a noticeable pause lasting a handful of seconds in length prior to being connected with a live representative, which is instructive that an ATDS was being utilized to generate the calls. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

28. Defendant violated the TCPA by placing at least 38 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent Plaintiff *may* have given to Defendant was explicitly revoked by his demands that it cease contacting him.

29.  The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

30.  Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff  is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).  Defendant was explicitly told that Plaintiff was not interested in its services and to stop contacting him on several occasions. Plaintiff even took time to reiterate his demands to Defendant in person.  Despite Plaintiff's efforts and Defendant's knowledge that Plaintiff was not interested in its offerings, Defendant consciously chose to continue its harassing conduct.

WHEREFORE, Plaintiff, TERRY M. SMITH, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c.  Awarding Plaintiff costs and reasonable attorney fees;

d.  Enjoining Defendant from further contacting Plaintiff; and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

31.  Plaintiff restates and realleges paragraphs 1 through 30 as though full set forth herein.

32.  The DTPA states:

"False, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful and are subject to action by the consumer protection division under Sections 17.47,

5

17.58, 17.60, and 17.61 of this code." Tex. Bus. & Com. Code § 17.46.

33.   Plaintiff is a "person" as defined by Tex. Bus. & Com. Code § 17.45(3).

34.   Plaintiff is a "consumer" as defined by Tex. Bus. & Com. Code § 17.45(4).

35.   Defendant is a "person" as defined by Tex. Bus. & Com. Code § 17.45(3).

36.    Defendant's solicitation calls to Plaintiff are "trade" and "commerce" as defined by Tex. Bus. & Com. Code § 17.45(6).

37.    Defendant violated the DTPA by engaging in an unlawful deceptive act or practice in contacting Plaintiff. Defendant relentlessly called Plaintiff through means of an ATDS when he requested that it no longer do so.  Plaintiff notified Defendant that he was not interested in its services and to stop calling, going so far as to reiterate these demands in person.  Defendant ignored Plaintiff's requests and unfairly continued to systematically contact him at least 38 times after Plaintiff made his demands.   Following its characteristic behavior in placing voluminous solicitation calls to consumers, Defendant engaged in a deceptive act, willfully done with the hope that Plaintiff would succumb to its harassing behavior and enroll in Defendant's offerings.

38.    The DTPA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendants.

39.   The DTPA further states:

> "A consumer may maintain a cause of action where [ ] the following constitute[s] a producing cause of economic damages or damages for mental anguish: any unconscionable action or course of action by any person." Tex. Bus. & Com. Code §§ 17.45(5) and 17.50(a)(3).

40.    As pled in paragraphs 20 through 24, Plaintiff has suffered actual damages as a result of Defendant's unconscionable practices, including expending money to purchase and maintain an application on his cellular phone. As such, Plaintiff is entitled to relief pursuant to Tex. Bus. & Com. Code. § 17.50(b)(1)(3). An award of three times actual damages and punitive damages is

appropriate because Defendant's conduct was committed knowingly and intentionally. Plaintiff was still bombarded with solicitation phone calls despite notifying Defendant that he was not interested in its services and to stop calling.  In defiance of these demands, Defendant continued to violate the law by engaging in a phone call campaign against Plaintiff.  Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Texas and for public policy reasons should be penalized.

WHEREFORE, Plaintiff, TERRY M. SMITH, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages, pursuant to Tex. Bus. & Com. Code § 17.50(b)(1)(3);

c. Awarding Plaintiff three times actual damages, pursuant to Tex. Bus. & Com. Code § 17.50(b)(1);

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Bus. & Com. Code § 17.50(d); and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 31, 2017                                Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)            s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                    Counsel for Plaintiff
Admitted in the Southern District of Texas      Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.                            Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200            2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                              Lombard, Illinois 60148
(630) 568-3056 (phone)                              (630) 581-5858 (phone)
(630) 575-8188 (fax)                                  (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                        thatz@sulaimanlaw.com